## Lippincott Estate

*Wright, Mauck, Hawes & Spencer* by *Federico F. Mauck,* and *William P. Manning, Jr.,* and *Stradley, Ronon, Stevens & Young,* by *Richard K. Stevens,* for trustee under will of Eliza G. Lippincott.

*Frank Rogers Donahue,* for Rowland Lippincott.

*Alexander Knight,* guardian ad litem.

HOLLAND, P. J., October 16, 1953.—This is a petition by the testamentary trustee of the residuary trust under the will of Eliza G. Lippincott, deceased, and the executor of the will of Virginia Lippincott Jones, for a declaratory judgment construing the will of Eliza G. Lippincott to determine whether or not the interest of Virginia Lippincott Jones, now deceased, in the principal of the residuary trust remaining at the death of Margaret M. Lippincott was vested or contingent.

Paragraph fifth of the will of Eliza G. Lippincott, dated July 10, 1913, reads as follows:

All the rest, residue and remainder of my estate I give, devise and bequeath to Girard Trust Company, Philadelphia, Pennsylvania, and its successors, *In Trust, Nevertheless,* for the following uses and purposes: To hold the said estate, to alter and change investments, and to make new investments as in its judgment shall seem for the best interests of my estate; and after the payment of all proper costs and charges, to pay over the net income to my son, Horace G. Lippincott, Jr., during his life, and upon the death of my son to pay over and distribute the principal to his children in equal shares, the issue of any deceased child or children to take the share which the parent would have taken if living.

"Should my said son die leaving no children him surviving, or the issue of any deceased child or children, I direct that the income of my estate be paid to my son's wife, Margaret M. Lippincott, during her life, or so long as she remains my son's widow, and upon her death or remarriage, or upon the death of my said son without children or issue of deceased children surviving him, the said Margaret M. Lippincott having predeceased her husband, then I direct that the principal of my estate be paid over to my brother, Horace G. Lippincott, or if he be not living then to his heirs as they shall be constituted at the time fixed for this distribution."

The aforesaid provisions were modified by codicil dated June 11, 1914, which codicil provides as follows:

"Fifth: I hereby modify the Fifth Item of my will and I do now direct that one-half of the income of my residuary estate be paid, after the death of my son, Horace G. Lippincott, Jr., in the event of his leaving no surviving issue, to my son's wife, Margaret M. Lippincott, during her life or so long as she remain

my son's widow, and the other half of the income, I direct shall be divided equally between the children of my brother, Horace G. Lippincott, and the issue of any deceased child or children, such issue to take the share the parent would have taken if living. The children of my said brother now living are Virginia Lippincott, George Lippincott, Emily Lippincott Powell and Rowland Lippincott. Upon the death or remarriage of the said Margaret M. Lippincott, I direct that the trusts shall cease, and the principal of my residuary estate be divided in equal shares between the children of my said brother, Horace G. Lippincott and the issue of any that may be deceased, such issue to take the share the parent would have taken if living."

Eliza B. Lippincott, whose testamentary trust is being considered, died July 8, 1914. Horace G. Lippincott, Jr., son of Eliza G. Lippincott, died October 24, 1915, without issue, but married to Margaret M. Lippincott, who is still living.

Eliza G. Lippincott left one brother, Horace G. Lippincott, who died April 6, 1932, and who had four children, namely: Virginia Lippincott Jones, George Lippincott, Emily Lippincott Powell, and Rowland Lippincott.

George Lippincott died September 26, 1930, unmarried and without issue.

Emily Lippincott Powell died on July 14, 1943. She was survived by a son, Horace Greenough Powell, who is still living and who is married but has no issue.

Virginia Lippincott Jones died on October 28, 1947. Her husband predeceased her and she left no issue.

Rowland Lippincott is still living, as is his wife, Frances H. Lippincott. He has two children, Horace G. Lippincott, born October 9, 1935, and Virginia Lippincott, born August 25, 1943.

The question is as to whether when Virginia Lippincott Jones died on October 28, 1947, she had a vested interest in any part of the principal of this residuary trust under the will of Eliza G. Lippincott, deceased, or whether any possible interest she might have was contingent upon her being alive at the death of Margaret M. Lippincott, the time fixed by the will and codicil for the termination of the trust and the payment out absolutely of the entire principal of the trust. If the former, she died vested with a proportionate interest which would form a part of her individual estate but, if the later, she died without being vested with any such interest, Margaret M. Lippincott being still alive and not having acquired any interest in her lifetime, no part of the principal would form a part of her individual estate or be included therein as a part thereof.

The petition refers to certain adjudications of this court under the estate of Eliza G. Lippincott, deceased, but they have no bearing on this question, as they dealt entirely with income of the trust, whereas the question before the court in this proceeding is concerned exclusively with principal.

First, examining paragraph fifth of the will, it is plain that if the son, Horace G. Lippincott, Jr. died without issue, which he did, the son's wife, Margaret M. Lippincott, was to get the income until she died or remarried. She is still living, and did not remarry. It is also plain that when she died under this state of facts, the principal was to go to her brother, that is the brother of Eliza G. Lippincott, if living, which he is not, and if he is deceased, which he is, then to his heirs as constituted "at the time fixed for this distribution," which is the death or remarriage of Margaret M. Lippincott. His heirs would be his four children, above named, or their issue per stirpes. Therefore, if

this paragraph of the will had not been "modified," no children of her brother Horace, including Virginia Lippincott Jones, could take any part of the principal unless he or she were living at the death or remarriage of Margaret M. Lippincott.

However, by the codicil of June 11, 1914, testatrix, Elizabeth G. Lippincott, "modified" item fifth of the will, which meant that the fifth item was to remain in full force except as, not changed, but as modified by the codicil. In effect, the only modification was to give Margaret M. Lippincott one half of the income for life, instead of all the income, the other half being otherwise disposed of. But the modification only applied to the income. The time for the distribution of the principal remains the same, that is, the death or remarriage of Margaret M. Lippincott, and the scheme of distribution at that time remains the same. In fact, the codicil clarifies the definition of the disposition of the principal as provided in the item fifth of the will. It directs "upon the death or remarriage of the said Margaret M. Lippincott, I direct that the trust shall cease, and the principal of my residuary estate be divided in equal shares between the children of my said brother, Horace G. Lippincott, and the issue of any that may be deceased, such issue to take the share the parent would have taken if living."

What could be plainer? Margaret M. Lippincott is still living and has not remarried. Virginia Lippincott Jones has predeceased both events, one certain and the other, though uncertain, bound to be in the future, if at all, so that upon the happening of either of these events the share Virginia Lippincott Jones would have taken were she living, which she obviously will not be, will go elsewhere. The ultimate distribution we are not concerned with at this time or in this proceeding. Suffice it to say no part of the principal will vest in any-

body until the death of Margaret M. Lippincott or her remarriage, neither of which events has happened, and Virginia Lippincott Jones never was vested and never will be vested with any part of this principal of the trust and I so hold. It follows that no part of it ever has been or ever can become any part of her individual estate. . . .

And now, October 16, 1953, it is conclusively adjudged that Virginia Lippincott Jones never was vested with any part of the principal of the trust or trusts under the will of Eliza G. Lippincott, deceased, and never can become so vested, and that at her death she was not vested with any part thereof, and that no part thereof has or can ever become any part of her individual estate.